UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD L. CARTER,

                           Plaintiff,

   vs.

                                                         5:09-CV-34

UNTIED STATES OF AMERICA, *et al.,*        (NAM/GJD)

                           Defendant.
_____

APPEARANCES:

RICHARD L. CARTER
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM DECISION and ORDER

The Clerk has sent to the court for review a complaint, together with an application to proceed *in forma pauperis* and a motion for appointment of counsel, filed by plaintiff. (Dkt. Nos. 1-3).

**1.**     <u>**Complaint**</u>

In this complaint, plaintiff alleges that Dr. George Trusty, a dentist at the Syracuse Community Health Center (SCHC) committed malpractice during his treatment of plaintiff's dental problems, causing plaintiff severe injury. Complaint (Dkt. No. 1). Plaintiff seeks substantial monetary relief. Compl. at p.7. Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b)(1), 2671 *et seq.* and the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), 42 U.S.C. § 233(a).

**2.**     <u>**In Forma Pauperis (IFP)**</u>

Plaintiff has moved to proceed IFP in this action. (Dkt. No. 2). A review of plaintiff's

application shows that his motion to proceed IFP may be granted.[1]

### 3. **Proper Defendant**

Under 28 U.S.C. § 1915(e)(2)(B), the court may review an IFP action, and notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

Under the FSHCAA, where a tort action is brought against a federally funded public health center that is construed as an employee[2] of the United States under the FSHCAA and the Public Health Service Act of 1944, the case may proceed in federal court as a Federal Tort Claim, and the United States replaces any named defendant. *Callahan v. County of Schenectady*, 2008 U.S. Dist. LEXIS 92606, *3-6 (N.D.N.Y. Nov. 14, 2008)(citing *inter alia Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 80-81 (2d Cir. 2005)). The FTCA is the exclusive remedy in such cases. 42 U.S.C. § 233(a).

In this case, the Civil Cover Sheet and the caption of the complaint name three defendants: the United States of America; the Syracuse Community Health Center; and Dr. George Trusty. However, the body of the complaint appears to make it clear that the "Defendant" is the United States of America, and plaintiff properly cites both the Federal Tort Claims Act and

---

[1] Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

[2] This court makes no determination on the merits of whether the SCHC and Dr. Trusty qualify under the law as employees of the United States. The court is simply construing the complaint liberally as it must and assuming the truth of the statements made therein for purposes of allowing the case to be served. *See Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008)(court is obliged to construe pro se pleadings liberally).

2

the FSHCAA. Compl. at 1-2. Although plaintiff mentions both SCHS and Dr. Trusty in the body of the complaint, plaintiff refers only to the United States as *the* "defendant." Plaintiff refers to Dr. Trusty as "an employee of Defendant United States." *See e.g.* Compl. ¶ 23. Plaintiff also states that he exhausted his administrative remedies under the FTCA. Compl. ¶¶ 27, 30.[3] Finally, plaintiff's claim for relief states that "WHEREFORE, the Plaintiff demands judgment against *the Defendant* United States of America in the amount of $ 3,950,000 . . . ." Compl. at p.7 (emphasis added). This statement implies that the only defendant is the United States.

Plaintiff brings this action under the FTCA, and as stated above, the United States is the only proper defendant in such a case. The entire complaint is type-written, but plaintiff has hand-written SCHC and Dr. Trusty under the United States on the Civil Cover Sheet and in the caption of the complaint. However, the body of the complaint makes it clear that the only defendant is the United States. To the extent that plaintiff's complaint names the SCHC and Dr. Trusty as defendants, this court will order the complaint dismissed as against those defendants for failure to state a claim. The complaint may proceed against the United States of America as the only proper defendant under the FTCA.

**4.     Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Dkt. No. 3). Plaintiff states that he has contacted approximately 33 attorneys or law firms and has had no success obtaining pro bono counsel on his own. *Id.* at p.1. There is no constitutional right to appointment of counsel in a civil case, and the Second Circuit has cautioned against "routine" appointment of pro bono counsel. *Harmon v. Runyon*, No. 96 Civ. 6080, 1997 U.S. Dist. LEXIS 2849, *2 (S.D.N.Y. Mar. 17, 1997)(citing *Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989)).

---

[3] The complaint does not contain paragraphs numbered 28 or 29. Compl. at p.6.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court. The court should first ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995)(McAvoy, C.J.)(citing *Hodge,* 802 F.2d at 61).

Plaintiff in this case has just recently filed this action, and there is no way to determine whether the complaint has "substance" as required by the case law. The defendant has not yet had the opportunity to respond, and the only basis upon which to determine substance is the plaintiff's complaint. Where plaintiff has only mere allegations, he does not meet the first requirement imposed by the Second Circuit for appointment of counsel. *Harmon v. Runyon*, No. 96 Civ. 6080, 1997 U.S. Dist. LEXIS 2849 at *2-3. Thus, the court will deny plaintiff's motion for appointment of counsel without prejudice as ***premature***. Plaintiff may reapply for appointment of counsel after the defendant has responded, and there are more facts regarding plaintiff's claim or claims so that the court may make a proper determination.

4

**WHEREFORE**, based on the findings above, it is

**ORDERED** that to the extent that this complaint names the **SYRACUSE COMMUNITY HEATH CENTER and/or DR. GEORGE TRUSTY**, the complaint is **DISMISSED AS TO THOSE TWO DEFENDANTS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**ORDERED** that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, and it is

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint, a copy of this Order, and a packet containing General Order 25 to the United States Marshal, who shall serve

(1) the United States Attorney for the Northern District of New York, P.O. Box 7198, 100 South Clinton Street, Syracuse, New York 13261-7198 in accordance with FED. R. CIV. P. 4(i)(1)(A); and

(2) the United States Attorney General, Constitution Avenue & 10th Street N.W., Washington, D.C. 20530 by **registered or certified mail** in accordance with FED. R. CIV. P. 4(i)(1)(B), and it is further

**ORDERED** that a formal response to plaintiff's complaint be filed by the defendant's counsel subsequent to service of process on the United States Attorney as provided in Rule 12(a)(2) of the Federal Rules of Civil Procedure, and it is further

**ORDERED** that the Clerk is directed to schedule a Rule 16 conference before the assigned magistrate judge, and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. <u>**Any letter or other document received by the Clerk or the Court**</u>

**which does not include a certificate of service, clearly stating that an identical copy was served upon all opposing parties or their attorneys, may be stricken from the record.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action and shall keep the court and opposing counsel apprised of any change of address. All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED** that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**

Date: February 5, 2009

_____
Norman A. Mordue
Chief United States District Court Judge