UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD L. CARTER,

                        Plaintiff,
            vs.                                                    5:09-CV-34
                                                                   (NAM/GJD)

UNITED STATES OF AMERICA, et al.,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

Richard L. Carter
Plaintiff, *Pro Se*

United States of America                        Mark E. Morrison, Asst. U.S. Attorney
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108

Norman A. Mordue, Chief U.S. District Judge

MEMORANDUM DECISION and ORDER

I.      INTRODUCTION

        Presently before the Court is motion to dismiss the complaint for lack of subject matter

jurisdiction by the United States pursuant to Fed. R. Civ. P. 12(b)(1).  Specifically, the United

States contends that plaintiff failed to file present his claim within the two year administrative

time period allotted under the Federal Tort Claim Act ("FTCA").  *See* 28 U.S.C. § 2401(b).

Plaintiff opposes said motion on the ground that his claim was submitted in a timely fashion.

II.     RELEVANT FACTS

        Plaintiff commenced the present action in January 2009.  In his original complaint, he

named the United States, the Syracuse Community Health Center ("SCHC") and George Trusty,

D.D.S., as defendants, alleging various acts of negligence, but all related to alleged dental

malpractice.  This Court dismissed the SCHC and Dr. Trusty as defendants by Order dated

February 5, 2009.  Plaintiff alleges that he received inadequate and/or insufficient dental care at

the SCHC that has led to pain and permanent injuries.  Plaintiff asserts that his last visit to the

dental clinic at the SCHC occurred in or about December 3, 2003.

      According to the United States, plaintiff's medical records show he received dental

treatment at the Syracuse Community Health Center from July 7, 2000, until January 31, 2003.

Plaintiff did not present his administrative claim to the Department of Health and Human Services

in this case as required by the FTCA until November 18, 2005 and he is required to show his

claim for dental malpractice accrued during the two year period preceding the filing of his claim.

The United States argues that plaintiff's present action is time-barred since he allegedly received

no treatment for dental services during the two-year period preceding the filing of his

administrative claim.

III.      DISCUSSION

A.      <u>Standard of Review</u>

      The standard applicable to motions to dismiss is well-settled.  On a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as

true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill*

*Lynch & Co.*, 147 F.3d  184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669,

673 (2d Cir. 1995).  Therefore, the issue before the Court on such a motion "is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims."  *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v.*

*Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).

2

B.      Plaintiff's Allegations and Evidence

        Plaintiff alleges in his complaint that he received treatment at the SCHC dental clinic on

December 3, 2003, within the two year period preceding the filing of his administrative claim.

Moreover, he avers in a sworn affidavit that he received dental treatment at the SCHC in

December 2003, but he is not in possession of a complete copy of his medical records.  Further,

plaintiff attaches a copy of a "Statement of Account" which he obtained from SCHC indicating he

did receive dental treatment on December 3, 2003.  The Court notes that while the allegations in

plaintiff's complaint alone would be sufficient to deny the motion of the United States, plaintiff's

additional evidentiary submissions are stronger evidence that his administrative claim under the

FTCA was filed in a timely fashion.

IV.     CONCLUSION

        Based on the foregoing, the motion by the United States to dismiss the complaint pursuant

to Fed. R. Civ. P. 12 (b)(1) is DENIED without prejudice.

        IT IS SO ORDERED.

        Date: February 5, 2009

        _____
        Norman A. Mordue
        Chief United States District Court Judge