UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**RICHARD L. CARTER,**

                             **Plaintiff,**

               -v-                           5:09-CV-34 (NAM/GHL)

**UNITED STATES OF AMERICA,**

                             **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Richard L. Carter
Plaintiff, *pro se*

Office of the United States Attorney
Mark E. Morrison, Assistant United States Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108

**Hon. Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

     In this dental malpractice action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, defendant moves (Dkt. No. 37) for summary judgment. Defendant's motion, filed October 25, 2011, is based on plaintiff's failure to submit an expert report supporting his claim. Defendant properly notified plaintiff of the consequences of failing to respond to the motion (Dkt. No. 39). In opposition to defendant's motion, plaintiff filed a letter dated November 1, 2011 (Dkt. No. 38), stating that he had found an expert witness and requesting an extension of time to respond to the summary judgment motion. On November 8, 2011, the Court granted the request, extended to December 5, 2011 plaintiff's time to respond to the motion, and stated: "No further extensions will be considered without good cause shown."

On December 8, 2011, plaintiff moved (Dkt. No. 40) for an extension of time to submit an expert report. Plaintiff submitted supplemental papers dated January 5, 2012 (Dkt. No. 42), again requesting additional time. On February 13, 2012, this Court issued a Memorandum-Decision and Order (Dkt. No. 44) granting plaintiff's motion "to the extent that the Court will accept any expert report submitted on or before March 1, 2012." The Court added:

> The extension of time to March 1, 2012 will mean that plaintiff has been given four months to oppose the summary judgment motion. Plaintiff has received numerous accommodations and lengthy extensions of time throughout the progress of this case, which was commenced on January 12, 2009. The Court will grant no further extensions.

Thereafter, the Court received a letter from plaintiff (Dkt. No. 50) dated March 1, 2012, stating that "Dr. Fallon" had told him "to come back tomorrow and he would have the letter for me to pick up in person to my expert." Plaintiff stated that he would take the letter directly to the expert, that he was "confident" the expert would work on it as quickly as possible, and that upon receipt of the expert's report he would bring it to the court house.

Eight weeks later, on April 24, 2012, this Court received a submission from plaintiff dated April 13, 2012 and postmarked April 23, 2012 (Dkt. No. 52). Plaintiff encloses a letter from Paul T. Fallon, D.D.S. dated March 2, 2012, addressed "To Whom It May Concern," stating that he examined plaintiff on August 19, 2005; that plaintiff had pain and swelling of the lower left first and second molar and wanted them removed; and that Dr. Fallon removed the two molars without complication. The purpose of plaintiff's submission to the Court is not clear; however, no expert report is enclosed, nor does plaintiff assert that one is forthcoming.

The Court has accorded plaintiff ample opportunity to pursue this case, which was commenced more than three years ago. Even assuming that this *pro se* plaintiff was not aware

that he needed an expert until he received defendant's summary judgment papers, six months have passed since defendant made the summary judgment motion. Plaintiff has been apprised repeatedly of the need to obtain an expert report, and he has been given a generous amount of time to do so.

Without an expert supporting his claims, plaintiff cannot make out a *prima facie* case at trial, because he cannot show that defendant breached the standard of dental care in the community or that any acts by defendant proximately caused his injuries. *See Kushner v. Schervier Nursing Care*, 2011 WL 1201936, *7 (S.D.N.Y. March 23, 2011) (citing *Milano v. Freed*, 64 F.3d 91, 95 (2d Cir. 1995)). Plaintiff's failure to have an expert is "dispositive." *Sitts v. United States*, 811 F.2d 736, 742 (2d Cir. 1987). Thus, despite affording plaintiff all the lenience to which he is entitled by virtue of his *pro se* status, the Court is compelled to grant summary judgment dismissing the case.

It is therefore

ORDERED that defendant's motion (Dkt. No. 37) is granted; and it is further

ORDERED that the case is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:  April 30, 2012
       Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge